This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 33,873**

**TRI TRUONG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1} Defendant has appealed a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid unnecessary repetition here and instead focus on the content of the memorandum in opposition.

{3} Defendant has raised two issues, challenging the existence of probable cause to arrest and the admission of his BAT card. [DS 15; MIO 10] Both arguments are premised on Defendant's continuing assertion that he does not speak or understand English, such that the field sobriety tests were not probative and the officer's recitation of the implied consent advisory was not efficacious. [MIO 10-16] Defendant's comprehension of the English language was a question of fact, the resolution of which turned upon credibility determinations. [MIO 10] "[T]he trial court is in a better position [than is an appellate court] to judge the credibility of witnesses and resolve questions of fact[.]" *State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72. Although Defendant contends that the trial court should have drawn different inferences and arrived at a different conclusion, we cannot re-weigh the evidence on appeal. *See State v. Schaff*, 2013-NMCA-082, ¶ 11, 308 P.3d

160 ("The question for us on appeal is whether the district court's decision is supported by substantial evidence, not whether the district court could have reached a different conclusion." (alteration, internal quotation marks, and citation omitted)); *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793 ("[A]s a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence."). We decline to second guess the fact finder's assessment of Defendant's English-speaking ability, and consequently, we reject Defendant's arguments.

{4} Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5} **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**TIMOTHY L. GARCIA, Judge**